UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. S1-4:22 CR 378 MTS |
| ARTHUR GRASS, | ) ) ) | |
| Defendant. | ) ) | |

**<u>GOVERNMENT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT</u>**

COMES NOW the United States of America, by and through Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and John J. Ware, Assistant United States Attorney for said District, and files the following objections to the Presentence Investigation Report:

1.  Paragraph 39 – 2 level enhancement – The report assesses an enhancement for recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement officer. Paragraph 15 contains some facts that comprise the basis for this enhancement. The following additional facts are relevant.

Defendant's jeep was backed into a parking spot with two camper trailers on either side and a camper and wire cable stretched behind the jeep. Police placed a bearcat nose to nose with the front of the jeep.

The S.W.A.T. used non-lethal shotgun rounds to break the side mirrors of the jeep. Rounds launched at the rear window were unsuccessful so rocks and lumber were used to break the rear windows, while a noise-flash device was used at the front of the jeep. Then, rounds of pepper gas

1

were launched into the jeep through the broken window. The jeep lurched forward, hit the bearcat, and came to a stop. No officer was injured and the bearcat suffered no apparent damage as a result. Defendant then exited the jeep and crawled under the camper parked on the driver's side of the jeep and stood up on the other side. At that point he was struck in the face with a pepper gas round and fell to the ground where he was arrested without further incident.

Given these facts, application of Section 3C1.2 is not appropriate. Whether defendant was acting "recklessly," that is, was "aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation," is entirely debatable. Perhaps defendant consciously disregarded perceivable risk to arresting officers as he attempted to avoid flash bangs, pepper rounds, and shattered windows but it is just as likely he was instinctively reacting in purely self-preserving terms without time to think of consequences of his actions.

Defendant was not fleeing from a law enforcement officer as that term is contemplated by the Guidelines. "[W]ithout more, instinctive flight does not constitute reckless endangerment." United States v. Reyes-Osequera, 106 F.3d 1481, 1483 (9th Cir. 1997). See United States v. Gould, 529 F.3d 274, 277 (5th Cir. 2008). In fact, even "armed" instinctive flight requires something more for 3C1.2. United States v. Shriners, 56 4th 320, 326 (4th Cir. 2002). Here, defendant was not armed, did not physically struggle with officers, and did not place anyone in danger by his actions. Under these circumstances, an enhancement for reckless endangerment is not appropriate.

2. Paragraph 40 – Adjusted Offense Level (subtotal) – should now be 16.

3. Paragraph 49 – Should now be 19.

4. Paragraph 51 – Should now be 21.

5. Paragraph 55 – Should now be 18.

6. Paragraph 111 – The Guideline imprisonment range should be 33 to 41 months.

        Respectfully submitted,

        SAYLER A. FLEMING
        United States Attorney

        */s/  John J. Ware*
        JOHN J. WARE, #40880MO
        Assistant United States Attorney
        111 South 10th Street, Room 20.333
        St. Louis, Missouri 63102
        (314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2023, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

        */s/  John J. Ware*
        JOHN J. WARE, #40880MO
        Assistant United States Attorney